REDMANN, Judge.
Defendant general manager of a corporation appeals from a judgment in favor of the corporation’s contractually-subrogated automobile insurer for damage to one of the corporation’s automobiles argued to have been caused by defendant’s negligence in employing someone to deliver the car to Dallas.
Being of the opinion that the subrogating corporation itself could not recover under the circumstances of the case, we reverse.
The uncontradicted evidence abundantly proves that the corporation gave to ea.ch of its president and general manager not one but two automobiles, with absolute authority to use for personal purposes, to allow others to drive, and generally to treat as if their own.
While on a vacation trip, defendant was going to send his family from Colorado Springs to Dallas by train. In the station, defendant met a young man, his wife and his mother. The mother was also going to Dallas. Defendant decided he would rather go by train also, and hired the young man to drive the car to Dallas.
The young man and car did not arrive at Dallas. Plaintiff paid the corporation for the car. Some months thereafter the car was recovered, damaged, in Pueblo, Colorado. Plaintiff alleged, and defendant denied, that plaintiff sold the car for salvage. Suit was for the amount plaintiff paid less the alleged salvage.
There can be no doubt that the corporation gave defendant the broadest possible discretion in respect to the two cars it gave him. Defendant and the president (who was, with his wife, sole shareholder) “split 50-50” all profits and, when the corporation ceased its home-building operations, all assets were similarly divided, with each then taking title to the Cadillac car and Buick station wagon he used. Defendant’s use of two cars was more an emolument than a responsibility to him; and his use of one of them on vacation was not intended as a burden but as a benefit. Under his broadest authority he was, in our opinion, authorized by the corporation to hire a man whose mother (identified as such at an unsuspicious time) was buying a train ticket to Dallas and who looked to defendant like an honest man without further inquiry where train time prevented it. If the hiring was negligent, it was negligence approved beforehand by the corporation. Because we would hold defendant’s act authorized and the corporation therefore unentitled to recover the alleged damages, we hold its subrogee equally unen-titled.
The judgment is reversed and plaintiff’s suit dismissed at its cost.